IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

**JASON CULLISON AND JAIMIE BONITATIBUS**, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

GEN 1 PROTECTION, LLC, BENJAMIN GARRET, individually, and MARVIN MOORE, individually

    Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiffs **JASON CULLISON AND JAIMIE BONITATIBUS** ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through counsel, John w. Billhorn of Billhorn Law Firm, complains as follows:

### NATURE OF THE ACTION

1. This action is brought on behalf of all security guards and other comparable positions with different titles (collectively "Security Personnel") employed by GEN 1 PROTECTION, LLC ("G1P"), BENJAMIN GARRET ("Defendant Garret"), and MARVIN MOORE ("Defendant Moore") (corporate and individual Defendants referenced herein collectively as "Defendants") in Colorado during the last three (3) years, plus any period of tolling, who were not properly paid overtime compensation.

1

2. This case is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Colorado Overtime and Minimum Pay Standards Order ("COMPS Order") #39, 7 CCR §§ 1103-1 *et seq.*, and the Colorado Wage Act ("CWA"), C.R.S. §§ 8-4-101 *et seq.*

3. Plaintiffs allege Defendants violated the COMPS Order and the CWA by failing to pay Security Personnel overtime compensation at applicable rates as required by law.

**JURISDICTION AND VENUE**

4. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Colorado statutory claims, pursuant to 28 U.S.C. §1367. Any individuals who join this case by way of the opt-in provisions of the FLSA shall affirmatively adopt the Colorado state law claims asserted herein under 28. U.S.C. §1367

5. Venue lies in the District of Colorado in that during all times relevant to the employment relationship, Plaintiffs performed work in this district and are residents of this district and Defendants were or are engaged in business in this District.

6. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a claim under the FLSA.

7. This Court has supplemental jurisdiction over Plaintiffs' state law claims, and the state law claims of any individual who opts-in to the case by way of FLSA Notice, pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the FLSA claim that they form part of the same case or controversy.

8. G1P is subject to personal jurisdiction in Colorado because it is registered in Colorado, has availed itself of the privilege of conducting substantial business in Colorado, and certain of the acts and omissions alleged herein arise out of G1P's activities in Colorado.

2

9. Defendant GARRET is likewise subject to personal jurisdiction in Colorado because he owns, operates, and/or manages G1P, and upon information and belief is himself domiciled in Colorado, has availed himself of the privilege of conducting substantial business in Colorado, and certain of the acts and omissions alleged herein arise out of Defendant's activities in Colorado.

10. Defendant MOORE is likewise subject to personal jurisdiction in Colorado because he owns, operates, and/or manages G1P, and upon information and belief is himself domiciled in Colorado, has availed himself of the privilege of conducting substantial business in Colorado, and certain of the acts and omissions alleged herein arise out of Defendant's activities in Colorado.

## THE PARTIES

11. Plaintiff **CULLISON** is, and was at all times relevant to this action, an adult individual domiciled in Colorado.

12. Plaintiff **BONITATIBUS** is, and was at all times relevant to this action, an adult individual domiciled in Colorado.

13. Defendant, G1P, is registered under the laws of the State of Colorado with its principal place of business located at 8354 Northfield Blvd, Building C Suite 3700, Denver, CO, 80238.

14. Defendant GARRET is a principle and/or owner of G1P. Upon information and belief, Defendant Garret is domiciled within this district.

15. Defendant MOORE is a principle and/or owner of G1P. Upon information and belief, Defendant Moore is domiciled within this district.

16. Defendants are primarily in the business of providing security services to the public.

**COLLECTIVE ACTION ALLEGATIONS**

17.     Plaintiffs seek, as an alternative, to prosecute their FLSA claims as an "opt-in" collective action on behalf of all persons who are or were employed by Defendants as Security Personnel (or similar title, as defined *supra*) in Colorado at any time in the last three (3) years, plus any period of tolling, through the entry of judgment in this case, and who were not paid overtime for all hours worked over 40 in a work week ("the Collective").

18.     Plaintiffs will fairly and adequately protect the interests of the members of the Collective and have retained counsel who are experienced and competent in the field of wage and hour law and collective action litigation. Plaintiffs have no interest contrary to, or in conflict with, members of the Collective.

19.     The members of the Collective are similarly situated because, among other things, they were all victims of the same company-wide policies and procedures that failed to pay them all the wages to which they are entitled under the federal and state statues plead herein.

**CLASS ACTION ALLEGATIONS**

20.     Plaintiffs bring this action on their own behalf and on behalf of a Class of employees under Rules 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, based upon Defendants' violations of the COMPS Order and the CWA.

21.     Plaintiffs bring their Colorado state law claims on behalf of all employees who were employed by Defendants in Colorado as "Security Personnel" at any time in the last three (3) years, plus any period of tolling, through the date of the entry of judgment in this case, who hold or held the any position the same as or similar to that of Security Personnel and who was not paid overtime compensation for all hours worked or at an appropriate rate of pay for all hours worked, including

hours over 40 in a work week and/or 12 in a work day ("the Overtime Class").

22. The members of the Overtime Class are so numerous that joinder of them is impracticable. Although the precise number of all past and present individuals who worked for Defendants as Security Personnel is unknown, the facts upon which the calculation of similarly situated Security Personnel are facts presently within the sole control, possession and knowledge of Defendants. Upon information and belief, there are dozens of members of the Overtime Class.

23. Plaintiffs' claims are typical of the claims of the members of the Overtime Class.

24. Plaintiffs performed the same essential job duties as the members of the Overtime Class; Defendants paid Plaintiffs and members of the Overtime Class pursuant to the same policies and procedures; and Plaintiffs and the members of the Overtime Class were victims of the same wrongful conduct in which Defendants engaged in violation of the COMPS Order and the CWA.

25. The Class Action mechanism provided for in FRCP 23 is superior to any alternatives which may exist for the fair and efficient adjudication of this cause of action. Proceeding as a Class Action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A Class Action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, Class Action treatment is the only realistic means by which injured parties can effectively litigate against corporate defendants like Defendant G1P. Numerous, repetitive, and/or individual actions would also place an undue burden on the courts as such judicial forums would be forced to take duplicative evidence, conduct duplicate and repetitive trials and decide the same issues relating to Defendants' conduct.

26. Defendants have acted or refused to act on grounds generally applicable to the Overtime Class, thereby making final injunctive relief or corresponding declaratory relief with respect to the Overtime Class as a whole appropriate.

27. Plaintiffs are committed to pursuing this action and have retained competent counsel who is experienced in wage and hour law and class action litigation.

28. Plaintiffs will fairly and adequately protect the interests of the members of the Overtime Class.

29. There are questions of law and fact common to the Overtime Class which predominate over any questions solely affecting the individual members of the Overtime Class, including, but not limited to:

   a. Whether Defendants employed the members of the Overtime Class within the meaning of the COMPS Order and the CWA;

   b. Whether Defendants' policies and practices described within this Complaint are illegal;

   c. Whether Defendants properly paid the members of the Overtime Class for all hours, including hours worked above 40 hours in a work week and/or 12 hours in a work day;

   d. Whether Defendants properly tracked and/or calculated the number of overtime hours payable to the members of the Overtime Class based on their beyond 40 hours in a work week and/or 12 hours in a work day;

   e. What proof of hours worked is sufficient where, as here, Defendants failed in their duty to keep and maintain accurate time records; and

   f. Whether Defendants are liable for all damages claimed hereunder.

**STATEMENT OF FACTS**

30. Defendants provide security protection for various businesses in the Denver area.

6

31. In the course of their employment, Security Personnel such as Plaintiffs and Members of the Collective and the Overtime Class, follow standardized processes involving techniques and procedures implemented by Defendants, and they work within closely prescribed limits imposed by Defendants. Defendants employ all Security Personnel and establish their pay practices.

32. Both Defendant GARRET and Defendant MOORE controlled/control scheduling, work assignments, duties, and compensation for all Security Personnel, including Plaintiffs.

33. Defendants employed Plaintiff CULLISON as Security Personnel at their Denver, Colorado facility. Plaintiff began his employment on or about January, 2023 and is currently employed by Defendants.

34. Plaintiff CULLISON, at the beginning of his employment, was paid $19.00 per hour, and is paid, as a W2 employee. Plaintiff is currently employed at approximately $21.00 per hour.

35. Plaintiff CULLISON is scheduled to work various shifts during the work week, varying between 8 – 10 hours per shift, five days per week. Plaintiff CULLISON rarely works less than 40 hours per work week.

36. Plaintiff CULLISON uses an app on his cell phone, Deputy App, to sign in and out of work. There are days the app does not work, and there other days his clock in time and clock out times, as he enters that information, subsequently changes on the app without notice or explanation.

37. Plaintiff CULLISON has been paid his overtime rate of pay for some hours worked over 40 per work week, however, it has been revealed that Defendants can, and do, manipulate and edit on the Deputy App the number of work hours Plaintiff actually works. The

7

manipulation/editing of recorded work hours decreased for the Plaintiff, and members of the Plaintiff class, the payment of regular work hours at a regular rate of pay which in turn decreases the overtime rate of pay for hours worked over the 40 per work week, all to the benefit of the Defendants.  This has happened throughout Plaintiff CULLISON's employment with Defendants.

38. When expressing his knowledge/concern regarding the time edits taking place, in retaliation by Defendants, Plaintiff CULLISON's work hours were decreased and this decrease has significantly decreased his take home pay.

39. Defendants employed Plaintiff BONITATIBUS as Security Personnel at their Denver, Colorado facility. Plaintiff began her employment on or about July 2023 and is currently employed by Defendants.

40. Plaintiff BONITATIBUS, at the beginning of her employment, was paid $20.00 per hour, and is paid as a W2 employee.  Plaintiff is currently earning $21.00 per hour.

41. Plaintiff BONITATIBUS is scheduled to work various shifts during the work week, between 8 – 10 hours per shift, five days per week.  Plaintiff BONITATIBUS rarely works less than 40 hours per work week.

42. Plaintiff BONITATIBUS uses an app on her cell phone, Deputy App, to sign in and out of work. There are days the app does not work, and there other days her clock in time and clock out time, as she enters that information, subsequently changes on the app without notice of explanation.

43. Plaintiff BONITATIBUS has been paid her overtime rate of pay for some hours worked over 40 per work week, however, it has been revealed that Defendants can, and do, manipulate and edit on the Deputy App the number of work hours Plaintiff actually works.  The manipulation/editing of recorded work hours decreased for the Plaintiff, and members of the

Plaintiff class, the payment of regular work hours at a regular rate of pay which in turn decreased the overtime rate of pay for hours worked over the 40 per work week, all to the benefit of the Defendants. This has happened throughout Plaintiff BONITATIBUS employment with Defendants.

44. When expressing her knowledge/concern regarding the time edits taking place, Plaintiff BONITATIBUS' work hours were decreased and this decrease has significantly changed her take home pay.

45. Defendants have failed to pay Plaintiff CULLISON and Plaintiff BONITATIBUS, and other similarly situated Security Personnel, overtime for their work hours over 40 in a work week and potentially 12 hours in a workday.

46. Plaintiffs CULLISON and BONITATIBUS, like other Security Personnel, are scheduled to work 40-45 hours per work week. However, Plaintiffs, and members of the Collective and Overtime Class, ultimately work as many as 50-55 hours per week and are not paid overtime for all of their work hours over 40 per work week or at times, over 12 hours in a workday.

47. Defendants require Plaintiffs and members of the Collective and Overtime Class to log in to a cellphone app to report the beginning and end of their workdays. The app works most days, but not always.

48. Plaintiffs and members of the Collective of Overtime Class have identified time edits/adjustments to their work hours to Defendants' advantage. Time edits are made by adjusting hours worked per day in order to keep the hours under or close to 40 hours per work week.

49. Plaintiffs and members of the Collective and Overtime Class were directed by Defendants to strictly adhere to instructions and policies implemented by Defendants.

9

50. Plaintiffs and members of the Collective and Overtime Class engaged in essential job duties and tasks daily that directly related and contributed to Defendants' primary business of sales and service generating revenues and profits that benefited Defendants.

51. The common terms of employment as between all Security Personnel, including the pay practices identified herein, were intentionally and purposefully made identical by Defendants.

52. The uniform and common practices and policies implemented by Defendants, including the job duties and compensation structure, applied to all Security Personnel, including Plaintiffs.

53. The common terms of employment for Security Personnel were intentionally and purposefully made identical by Defendants and applied to all members of the Overtime Class.

54. Defendants' violations of the FLSA and CWA are not in good faith. Defendants are, and have been, aware of their legal obligation to pay overtime compensation to Plaintiffs and members of the Collective and Overtime Class. Defendants' violations of the FLSA and CWA are willful because, among other things, Plaintiffs complained to Defendants about Defendants' failure to pay overtime wages during their employment and Defendants failed to take remedial action. Furthermore, ample information was available to Defendants regarding compliance with federal and state wage and hour laws and Defendants either failed to avail themselves of that information or did seek such information and then intentionally failed to comply with the rules and provisions of the law.

## FIRST CLAIM FOR RELIEF

### FAIR LABOR STANDARDS ACT – COLLECTIVE ACTION

55. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

56. At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce within the meaning of the FLSA.

57. At all relevant times, Defendants employed, and/or continue to employ, each of the members of the Collective within the meaning of the FLSA.

58. At all relevant times, Defendants have had gross annual revenues in excess of $500,000.

59. At all relevant times, Defendants have enforced an identical policy and practice to not pay Security Guards overtime compensation for all overtime hours worked as legally mandated rates.

60. As a result of Defendants' failure to properly compensate Security Personnel, including Plaintiffs and the members of the Collective, Defendants have violated, and continue to violate, the FLSA.

61. As employers within the meaning of the FLSA, Defendants have a duty to create and maintain accurate records of employee hours worked.

62. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

63. Due to Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the members of the Collective, are entitled to recover from Defendants unpaid overtime compensation, liquidated damages, Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, attorneys' fees, costs, and disbursements of this action pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**COMPS ORDER – CLASS ACTION**

64. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

65. At all relevant times, Plaintiffs and the members of the Overtime Class were employed by Defendants within the meaning of the COMPS Order.

66. Because Defendants were, at all relevant times, employers within the meaning of the FSLA, they were also employers within the meaning of the COMPS Order pursuant to 7 CCR § 1103-7-2.7.

67. Defendants violated the COMPS Order by failing to pay Security Personnel all overtime compensation to which they are entitled at the legally required rates.

68. Plaintiffs and the members of the Overtime Class are entitled to recover from Defendants compensation at the appropriate premium for all hours worked over 40 in a work week, and 12 in a workday, any statutory penalties, Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, attorneys' fees, costs, and disbursements of this action pursuant to the COMPS Order.

**THIRD CLAIM FOR RELIEF COLORADO**
**WAGE ACT – CLASS ACTION**

69. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

70. At all relevant times, Plaintiffs and the members of the Overtime Class were employed by Defendants within the meaning of C.R.S. § 8-104-101(5).

71. Because Defendants were, at all relevant times, employers within the meaning of the FLSA, they were also employers within the meaning of the CWA pursuant to C.R.S. § 8-104-101(6).

72. The CWA defines wages as "[a]ll amounts for labor or service performed by employees," regardless of whether "the amount is fixed or ascertained by the standard of time." Wages, as defined by the CWA, are governed by the Act once the amounts are "earned, vested, and determinable." C.R.S. § 8-4-101(14)(a)(I)-(III).

73. Pursuant to the CWA, C.R.S. § 8-4-101(14)(a)(II)-(III), Plaintiffs and members of the Overtime Class worked hours at or below 40 hours in individual work weeks which were required to be paid at their regular hourly rates of pay.

74. Pursuant to the CWA, C.R.S. § 8-4-101(14)(a)(II)-(III), Plaintiffs and members of the Overtime Class worked over 40 in individual work weeks or 12 in a workday which required pay at time and one-half their regular hourly rates.

75. Once Plaintiffs and members of the Overtime Class worked hours below, at, and above 40 in individual work weeks, they earned regular and overtime compensation, although it was not paid. As such, any regular and overtime wages for which Plaintiffs and members of the Overtime Class were not paid were and are "wages" as defined by the CWA and therefore subject to the requirements of the CWA.

76. Plaintiffs and members of the Overtime Class did not receive overtime premiums of one and one-half times their regular rates of pay for hours worked over 40 in individual work weeks or 12 in individual workdays.

77. Pursuant to C.R.S. § 8-4-109(3)(b)(I), if an employer fails to pay an employee earned, vested, and determinable wages as set forth by the CWA within fourteen (14) days of service of a civil action, the employee is entitled to a penalty of two times the amount of unpaid wages or compensation.

78. Pursuant to the C.R.S. § 8-4-109(3)(b)(I), if the employee can prove that the employer's failure to pay wages due under the Act was willful, the employee is entitled to a penalty of three times the amount of unpaid wages or compensation.

79. Defendants' failure and refusal to pay earned regular and overtime wages, as demanded herein within the fourteen (14) day period described by the C.R.S. § 8-4-109(3)(a), was willful and in bad faith.

80. Plaintiffs and members of the Overtime Class are owed all earned, unpaid wages and statutory penalties, including increased penalties for willful violations of the CWA.

81. Per C.R.S. § 8-4-110, Plaintiffs and members of the Overtime Class are entitled to attorneys' fees and costs incurred prosecuting claims under the CWA.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and all other members of the Collective and Overtime Class, requests that this Court grant the following relief:

a) Designation of this action as a collective action on behalf of the members of the Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated members of the FLSA collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of the members of the Overtime Class and appointing Plaintiffs and their counsel to represent the Overtime Class;

c) A declaratory judgment that the practices complained of herein are unlawful under the FLSA, COMPS Order, and CWA;

d) An injunction requiring Defendants to cease their unlawful practices under, and to comply with, the COMPS Order and CWA;

e) An award of overtime compensation due under the FLSA and the COMPS Order;

f) An award of regular compensation due under the COMPS Order;

g) An award of unpaid, earned, and vested regular wages under the CWA;

h) An award of liquidated damages and/or statutory penalties under the FLSA and CWA;

i) An award of additional damages and/or statutory penalties under the FLSA and CWA as a result of Defendants' willful failure to pay overtime compensation;

j) An award of damages representing Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

k) An award of pre-judgment and post-judgment interest at the maximum rate permitted by law;

l) An award of costs and expenses of this action together with attorneys' and expert fees; and,

m) Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they and all members of the Collective and Overtime Class have the right to jury trial.

Respectfully submitted this 2nd day of April, 2025.

/s/John W. Billhorn
John W. Billhorn

BILLHORN LAW FIRM
53 W. Jackson Blvd., Suite 1137
Chicago, IL 60604
312-853-1450

3773 Cherry Creek N. Drive, Suite 710
Denver, CO 80209
Telephone: (312) 853-1450
Email: jbillhorn@billhornlaw.com

*Attorney for Plaintiffs and the Plaintiff Collective/Class*